**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
WESLEY J. SMITH, ESQ. (11871)
LAURA J. WOLFF, ESQ. (6869)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
kbc@cjmlv.com, wes@cjmlv.com, ljw@cjmlv.com
*Attorneys for Board of Trustees of the*
*Painters and Floorcoverers Joint Committee*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PAINTERS AND FLOORCOVERERS JOINT COMMITTEE,<br><br>Plaintiff,<br><br>vs.<br><br>AWESOME FLOORS, INC., a Nevada corporation; SME STEEL COATINGS, LLC a Utah limited liability company; R. B. F. LLC dba BETTER BUILDING SYSTEMS, a Nevada limited liability company; MASTER CRAFT CARPET SERVICE, INC., a foreign corporation,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

The Plaintiff, the Board of Trustees of the Painters and Floorcoverers Joint Committee ("Plaintiff" or "Joint Committee"), by and through its attorneys, Christensen James & Martin, Chtd., for its causes of actions, complains, asserts and alleges as follows:

**JURISDICTION & VENUE**

1.  This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil

actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2.      This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3.      To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Trust is administered.

**PARTIES**

5.      The Joint Committee is an express trust created pursuant to a written declaration of trust ("Trust Agreement") between various employer associations and independent employers and the International Union of Painters and Allied Trades, District Council 16 (formerly District Council 15), Painters Union Local No. 159 and Floorcoverers Union Local No. 1512.

6.      The Joint Committee exists to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," and/or "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002.

7.      The Board of Trustees and the individual Trustees of the Joint Committee is a "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual

"fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16) and (21), with respect to collection of employer contributions and enforcement of obligations under the Trust Agreement.

8. The Joint Committee was created and now exists pursuant to § 302(c) of the LMRA, 29 U.S.C. § 186(c).

9. Under the terms of the CBAs (defined below) and the Joint Committee's Trust Agreement, the Joint Committee is charged with adjusting all disputes and grievances that may arise out of the application or interpretation of the CBAs and taking court action to secure compliance with the CBAs as necessary.

10. At all times material herein through September 23, 2018, Painters Union Local No. 159 and Floorcoverers Union Local No. 1512 were affiliated with the International Union of Painters and Allied Trades, District Council 15. Effective September 24, 2018, International Union of Painters and Allied Trades, District Council 15 was dissolved and/or terminated and Painters Union Local No. 159 and Floorcoverers Union Local No. 1512 were merged into International Union of Painters and Allied Trades, District Council 16. The International Union of Painters and Allied Trades, District Council 16 (formerly District Council 15), Painters Union Local No. 159 and Floorcoverers Union Local No. 1512 may be referred to hereinafter as the "Union."

11. At all times material herein, the Union has been a labor organization representing employees in the painting, drywall, decorating and floorcovering industries in Nevada and a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), , 1002(5), (11) and (12).

12. Defendant Awesome Floors, Inc. ("Awesome") is a Nevada corporation doing business as a flooring contractor in Clark County, Nevada under Nevada Contractor's License Nos. 0059488 and 0071939.

13. Defendant S M E Steel Coatings, LLC ("SME") is a foreign limited liability company doing business as a painting contractor in Clark County, Nevada under Nevada Contractor's License Nos. 0079109 and 0057439.

14. Defendant R. B. F. LLC dba Better Building Systems ("BBS") is a Nevada corporation doing business as a painting contractor in Clark County, Nevada under Nevada Contractor's License Nos. 0073381, 0067118 and 0073382.

15. Defendant Master Craft Carpet Service, Inc. ("Master Craft") is a foreign corporation doing business as a flooring contractor in Clark County, Nevada under Nevada Contractor's License Nos. 0070381, 0079295, 0075938, 0082887 and 0082886. (Hereafter "Awesome", "SME", "BBS", "JSC" and "Master Craft" may be collectively referred to as "Defendants").

**GENERAL ALLEGATIONS**

16. Defendants are parties or subject to that certain Painters & Decorators Master Agreement between the Union and the Southern Nevada Chapter of the Painting and Decorating Contractors of America ("PDCA") or the Western Walls and Ceilings Contractors Association ("WWCCA") ("Painters CBA") or the Floorcoverers Master Agreement between the Union and the Southern Nevada Painting and Decorating Contractors of America/Finishing Contractors Association ("Floorcoverers CBA") (hereafter "Painters CBA" and "Floorcoverers CBA" may be collectively referred to as "CBAs").

17. Defendant Master Craft is bound by a Project Labor Agreement by and between Mortenson/ Mccarthy Las Vegas Stadium, a Joint Venture and the Southern Nevada Building and Construction Trades Council and The Craft Unions & District Councils ("PLA") for the construction of a professional NFL football stadium located at 5617 Dean Martin Dr., Clark County, Nevada ("Stadium").

-4-

18. The PLA provides that Master Craft is subject to the Floorcoverers CBA once it has executed the document or if it performs any work on the job site. The PLA further states that if it is silent on any issue, then the Floorcovers CBA controls. The PLA does not address bonds, so the Floorcoverers CBA bonding provision controls, which requires providing a surety bond, as described herein.

19. Defendants are obligated by the CBAs to pay fringe benefit contributions to several multiemployer employee benefit trust funds (hereafter collectively "Trust Funds"), including the Plaintiff, on a monthly basis and at specified rates for each hour worked by or paid to its employees for performance of labor covered by the CBAs.

20. One of the express terms of the CBAs is that Defendants provide to the Plaintiff a surety bond to guarantee payment of the obligations to the Joint Committee and Trust Funds under the applicable CBA.

21. Specifically, Article 17, Section 9 of the Floorcoverers CBA states:

> Bonding - Effective December 1, 2013, each Employer that is Signatory to this Agreement shall provide to the Floor Coverer's Joint Committee a surety bond in the amount of $50,000 to guarantee payment of Trust Fund obligations.

22. Specifically, Article 14, Section 1 of the Painters CBA with WWCCA states:

> On or after July 1, 2004 all employers signatory to this agreement shall provide and be covered by a surety bond for no less than thirty thousand dollars ($30,000) for the purpose of protecting the Trust Funds as provided for in this agreement. The Joint Committee will review all applications and issue Shop Cards. The Committee shall have the authority, based upon past work and financial responsibilities, to require higher bond limits.

23. Specifically, Article 14, Section 1 of the Painters CBA with PDCA states:

> On or after July 1, 2004 all employers signatory to this agreement shall provide and be covered by a surety bond for no less than thirty thousand dollars ($30,000) for the purpose of protecting the Trust Funds as provided for in this agreement. The Joint Committee will review all applications

and issue Shop Cards. The Committee shall have the authority, based upon past work and financial responsibilities, to require higher bond limits.

24. Further, the written policies and procedures adopted by the Plaintiff and Trust Funds expressly state:

> 8. **Surety Bonds**. Certain Labor Agreements and Trust Agreements require Employers to post a surety bond for the benefit of the Trust Funds to secure payment of contributions to the Trust Funds. Regardless of any requirement in a Labor Agreement or Trust Agreement, the Trustees have the authority, in their sole discretion, to require Employers to post a surety bond in favor of the Trust Funds or to require higher bond limits based on the past work and financial responsibility of the Employer.
>
> 8.1 Form and Amount. Each Employer must provide to the Trust Funds a surety bond on a form acceptable to the Trust Funds and in the amount required by the applicable Labor Agreement, Trust Agreement, or the Trustees.
>
> 8.4 Breach. All Employers that fail to deliver and provide an acceptable surety bond shall be in breach of the provisions of the Labor Agreement and these Policies.
>
> 8.5 Enforcement. The Collection Attorney may assist the Administrator to obtain a bond from any Employer that refuses or fails to provide any required surety bond. The Trust Funds or the Joint Committee may initiate legal and administrative proceedings to enforce the surety bond requirements of the Labor Agreement and these Policies against any Employer who fails to provide a surety bond.

*The Southern Nevada Painters and Glaziers Joint Trust Funds Restated Policies and Procedures* [Effective Date: July 1, 2017], at Section 8 ("Joint Policies & Procedures").

25. The Plaintiff is a third party beneficiary of the bond obligations described herein.

26. The Plaintiff has made numerous requests that Defendants each provide the surety bond as required by the CBAs and Joint Policies and Procedures.

27. Defendants have failed to provide the required surety bond.

28. Consistent with the Joint Policies & Procedures, the Joint Committee initiates these legal proceedings to enforce the surety bond requirements of the CBAs against the Defendants.

**FIRST CAUSE OF ACTION**
[Breach of Contract – 29 U.S.C. § 1132(a)(3)]

29. The Plaintiff herein restates and realleges the above allegations.

30. The CBAs executed by Defendants are valid and binding contracts, the terms of which the Plaintiff is charged to enforce.

31. The CBAs require Defendants to provide a surety bond to guarantee payment of trust fund fringe benefit contributions, as described herein.

32. ERISA allows a fiduciary to enjoin any act or practice which violates any the terms of the plan, or to obtain other appropriate equitable relief and to redress such violations or to enforce any provisions of the terms of the plan.

33. The LMRA governs suits for violation of contracts between an employer and a labor organization.

34. The Defendants' failure to each properly provide a surety bond, as detailed in the preceding paragraphs, constitutes violations of ERISA, the LMRA and a material breach of the CBAs.

35. According to the CBAs and applicable law, Defendants have breached the express terms of the CBAs by failing to immediately and fully comply with providing the surety bond to the Plaintiff.

36. As fiduciaries of the Trust and the party charged with adjusting all disputes and grievances that may arise out of the application or interpretation of the CBAs, the Plaintiff may enforce the terms of the CBAs and require that Defendants provide a surety bond.

37. As a result of the Defendants' violation of the terms of the CBAs, the Plaintiff has sustained damages and is entitled to an order enforcing the terms of the CBAs and requiring Defendants to each provide a surety bond, pursuant to the applicable CBAs for the benefit of Plaintiff and the Trust Funds and awarding contract damages against the Defendants.

38. Defendants' actions, in failing to respond to multiple requests and demands for the surety bond, have required the Plaintiffs to retain legal counsel and initiate this lawsuit to enforce the Plaintiff and Trust Funds' rights under the CBAs, which would not have been necessary if Defendants had provided a timely response and provided the requested surety bond.

39. Pursuant to 29 U.S.C. § 1132(g)(1), the Court may award reasonable attorney's fees and costs to the Plaintiff.

**SECOND CAUSE OF ACTION**
[Equitable Relief – 29 U.S.C. § 1132(a)(3)(B)]

40. The Plaintiff herein restates and realleges the above allegations.

41. The Plaintiff has the right to enforce the terms of the CBAs and require that Defendants each provide a surety bond to guarantee payment of fringe benefit contributions to the Plaintiff and the Trust Funds.

42. The regular and prompt payment of employer contributions is essential to the maintenance of a multiemployer employee benefit trust fund and an employer's failure to make timely contributions can adversely impact the financial health and stability of such and may directly impact the benefits available to beneficiaries. Therefore, the purpose of requiring a surety bond is to protect the beneficiaries of the Trust Funds when an employer fails to pay the required fringe benefit contributions.

43.     The actions of Defendants in failing to comply or to ensure compliance with the CBAs in providing surety bonds, as described herein, constitute violations of ERISA and the LMRA and is damaging to the well being of the Plaintiff and the Trust Funds.

44.     The contract breaches and violations of ERISA and the LMRA harm the Plaintiff and the Trust Funds and their participants because they place at risk their ability to provide required benefits to their beneficiaries.

45.     The Plaintiff's remedies at law are not sufficient to adequately compensate the Plaintiff or the Trust Funds or their beneficiaries from past harm caused by said violation, or to protect them from the harm or threat of harm caused by a similar future violation.

46.     Plaintiff is likely to prevail on the merits of its claims.

47.     Plaintiff is entitled to equitable relief affirmatively compelling Defendants to each provide a surety bond pursuant to the applicable CBAs for the benefit of Plaintiff and the Trust Funds.

48.     Defendants' actions, in failing to respond to multiple requests and demands for the surety bond or by refusing to post the surety bond, have required the Plaintiff to retain legal counsel and initiate this lawsuit to enforce the Plaintiff's rights under the CBAs, which would not have been necessary if Defendants had provided a timely response and/or provided the requested surety bond.  Therefore, the Plaintiff is entitled to an award of reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for Judgment against Defendants, as follows:

1.     For the Court's Order compelling Defendants to each provide a surety bond as described in the applicable CBAs;

2. For equitable relief as the Court may deem appropriate under 29 U.S.C. § 1132(a)(3);

3. For damages for breach of contract;

4. For Plaintiff's reasonable attorney's fees and costs of suit incurred herein;

5. For such additional relief as may be provided for by 29 U.S.C. § 1132;

6. For such additional relief as this Court may deem just and proper.

Dated this 29th day of July, 2019.

CHRISTENSEN JAMES & MARTIN

By: */s/ Laura J. Wolff*
Laura J. Wolff, Esq.
Nevada Bar No. 6869
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: ljw@cjmlv.com
*Attorneys for Board of Trustees of the Painters and Floorcoverers Joint Committee*